## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

**CHARLES DAVID EARWOOD**
**#2022033**                                                                **PLAINTIFF**

**V.**                              **3:18CV00182 DPM/PSH**

**CITY OF MARION, ARKANSAS,**
**GARY KELLEY, Chief of Police,**
**Marion, DENNIS BARN, Chief,**
**PHILLIP MORRIS KELLEY,**
**DIANNE KELLEY**                                                     **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Proposed Findings and Recommendation have been sent to United States District D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Charles David Earwood, currently in custody at the Crittenden County Detention Center, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 on September 27, 2018.  (Doc. No. 1).  He later filed a motion to proceed *in forma pauperis* ("IFP"), which was granted.  (Doc. Nos. 3, 4).

Because Earwood's Complaint contained unrelated and legally distinct claims based on wholly separate incidents, the Court directed Earwood to file an amended complaint describing only one factually related incident or issue.  (Doc. No. 4). Earwood filed his Amended Complaint on October 24, 2018.  (Doc. No. 8).

## I.  Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1957), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.

*Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

This case arises out of Earwood's arrest and continued detention. (Doc. Nos. 1, 8). According to Earwood, the warrant pursuant to which he was arrested was based on conduct that took place in 2009. (Doc. No. 1, at 1; Doc. No. 8, at 1). He maintains that the statute of limitations on the alleged criminal offense expired long before he was taken into custody. (Doc. No. 1, at 1; Doc. No. 8, at 1). He further maintains that Defendants Dianne Kelley, Phillip Morris Kelley, Gary Kelley, and Dennis Barns worked together to achieve his allegedly unlawful arrest. (Doc. No. 8, at 5). Earwood complains that after his arrest he has lived in a state of anxiety, and "that even though innocent, he may be found guilty." (Doc. No. 8, at 6). He also alleges that he is beaten when he goes outside of his cell because of his relation to Circuit Court Judge John Fogleman and Chief of Police Gary Kelley, as well as making a medical claim. (Doc. No. 8, at 6-7). Finally, although not entirely clear from a reading of the amended complaint, Earwood complains about the medical care provided to him and his conditions of confinement. He seeks damages, among other relief. (Doc. No. 8, at 7-8).

Rule 20 of the Federal Rules of Civil Procedure allows a plaintiff to proceed against multiple defendants when the claims against them arise out of the same series of occurrences and present questions of law or fact common to all defendants. FED. R. CIV. P. 20; *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). To the extent Earwood makes claims based on conditions of confinement and his medical care, those claims do not arise out of the same occurrences as his allegedly unlawful arrest and detention, or present questions of law or fact common to all defendants. Accordingly, those claims should be dismissed.

Earwood's criminal charges are pending in state court. (*See* Doc. No. 8, at 6). In *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), the Supreme Court held that federal courts should abstain from interfering in ongoing state proceedings. The Court explained the rationale for such abstention as follows:

> [The concept of federalism] represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Id.* at 44.

Accordingly, a federal court must abstain from entertaining constitutional claims when: (1) there is an ongoing state judicial proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *Yamaha*

*Motor Corp. v. Stroud*, 179 F.3d 598, 602 (8th Cir. 1999); *Yamaha Motor Corp. v. Riney*, 21 F.3d 793, 797 (8th Cir. 1994).  If all three questions are answered affirmatively, a federal court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

Earwood is involved in ongoing state criminal proceedings, can assert his constitutional challenges in those proceedings, and Arkansas has an important interest in its criminal justice procedures.  As such, the Court should abstain from entertaining his unlawful arrest and detention claims.  Further, there is no indication of bad faith, harassment, or any other extraordinary circumstance that would make abstention inappropriate.

When a Court determines that it should abstain from entertaining claims, it then must decide whether to dismiss, or to stay, the case.  Where only injunctive or equitable relief is sought, dismissal is appropriate.  *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 481 (8th Cir. 1998).  Earwood, however, seeks damages. Accordingly, Earwood's claims should be stayed and administratively terminated. *Stroud*, 179 F.3d at 603-04.  Earwood should be allowed the opportunity to reopen this case by motion after the final disposition of his state case, including any appeal.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.    Earwood's conditions of confinement and medical claims be dismissed without prejudice;

2.    Earwood's unlawful arrest and detention claims be stayed and administratively terminated pending the resolution of the state-court criminal proceedings against him.

3.    Earwood be allowed the opportunity to reopen this case by motion after the final disposition of his state case, including any appeal.

4.    This case be reclassified as a "550" action, for internal housekeeping purposes only; and

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 5th day of November, 2018.

_____
UNITED STATES MAGISTRATE JUDGE