IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CHARLES DAVID EARWOOD
#2022033                                                                                                    PLAINTIFF

V.                              3:18CV00182 DPM/PSH

CITY OF MARION, ARKANSAS,
GARY KELLEY, Chief of Police,
Marion, DENNIS BARN, Chief,
PHILLIP MORRIS KELLEY,
DIANNE KELLEY                                                                                           DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Proposed Findings and Recommendation have been sent to United States District D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Charles David Earwood, currently in custody at the Crittenden County Detention Center, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 on September 27, 2018. (Doc. No. 1). He later filed a motion to proceed *in forma pauperis* ("IFP"), which was granted. (Doc. Nos. 3, 4).

Because Earwood's Complaint contained unrelated and legally distinct claims based on wholly separate incidents, the Court directed Earwood to file an amended complaint describing only one factually related incident or issue. (Doc. No. 4). Earwood filed his Amended Complaint on October 24, 2018. (Doc. No. 8). On December 17, 2018 United States District Judge D.P. Marshall dismissed Earwood's condition of confinement and medical claims and declined to *Younger* stay Plaintiff's unlawful arrest and detention claims. (Doc. No. 16). Those claims remain pending and will now be screened on the merits.

## I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1957), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

This case arises out of Earwood's arrest and detention.  According to Earwood, the warrant pursuant to which he was arrested in Case No. WR-09-1206 was based on conduct that took place in 2009.  (Doc. Nos. 8, 10).  He maintains that the statute of limitations on the alleged criminal offense expired long before he was taken into custody.  (Doc. No. 8, at 1).  He sued Dianne Kelley, Phillip Morris Kelley, Marion Chief of Police Gary Kelley, and Assistant Chief Dennis Barns, alleging that they worked together to achieve his allegedly unlawful arrest.  (*Id*. at 5).  He also sued the City of Marion, Arkansas.  He seeks damages, among other relief.  (*Id*. at 7-8).

### A.  Chief of Police Gary Kelley, Assistant Chief Dennis Barns, and the City of Marion

Earwood did not indicate in his Complaint whether he was suing Chief Gary Kelley and Assistant Chief Dennis Barns in their official capacities, personal

3

capacities, or both capacities (Doc. No. 8). Unless a complaint contains "a clear statement that officials are being sued in their personal capacities," the court interprets the complaint as bringing only official capacity claims. *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997). *See also Baker v. Chisom*, 501 F.3d 920, 924 (8th Cir. 2007) (more than ambiguous statement necessary to make personal capacity claim). Because there is no clear statement in Earwood's Complaint that he is suing Defendants in their personal capacities, the Court will treat his claims as official capacity claims.

Defendants Kelley and Barns are employees of the City of Marion, Arkansas. (Doc. No. 8, at 1, 5). "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). A local government may not be held liable under § 1983 on a *respondeat superior* theory. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). To establish municipal liability, Earwood had to identify a municipal policy, practice, or custom that was the moving force behind the alleged violation of his rights. *See Johnson v. Blaukat*, 453 F.3d 1108, 1114 (8th Cir. 2006). But he did not. (Doc. No. 8). Accordingly, Earwood failed to state a claim against Defendants Kelley, Barns, and the City of Marion, and his claims against each of them should be dismissed.

4

## B. Defendants Phillip Morris Kelley and Dianne Kelley

Earwood brought suit under 42 U.S.C. § 1983. To state a claim for relief under § 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally-protected statutory right. *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999). "[T]o act 'under color of' state law for § 1983 purposes does not require that the defendant be an officer of the State." *Dennis v. Sparks,* 449 U.S. 24, 27 (1980) (internal quotations omitted). To be subject to a claim under section 1983, however, "a private actor must be a 'willful participant in joint activity with the State' in denying plaintiff's constitutional rights." *Magee v. Trustees of Hamline University, Minn.*, 747 F.3d 532, 536 (8th Cir. 2014) (quoting *Dossett v. First Bank*, 399 F.3d 940, 947 (8th Cir. 2005)). "A plaintiff 'must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and state actor.'" *Pendleton v. St. Louis County*, 178 F.3d 1007, 1011 (8th Cir. 1999) (internal citation omitted).

Phillip Kelley and Dianne Kelley are private actors. (Doc. No. 8). As set out above, Earwood has not alleged any policy, practice, or custom that indicates municipal liability; as such, he failed to state a claim against Defendants Kelley and Barns. Because he failed to establish that a state actor was involved in his § 1983 claim, he also failed to state a claim against private actors Phillip and Dianne Kelley.

*Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535-36 (8th Cir. 1999). His claims against them should be dismissed, as well.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Earwood's complaint be DISMISSED WITHOUT PREJUDICE for failure to state a claim on which relief may be granted.

2. Earwood's motion for summary judgment (Doc. No. 7) be denied as moot.

3. The dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(b).

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 20th day of December, 2018.

_____
UNITED STATES MAGISTRATE JUDGE